UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> MANJIT SINGH; SHAMSHER BRAICH, <br><br> Defendants. | No. 2:15-mc-144-GEB-EFB <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

This miscellaneous case was before the court on January 11, 2017, for hearing on plaintiff's motion for an order assigning it the rights of defendant and judgment debtor Manjit Singh's right to payment of money from Ontime Express Line Inc. ECF No. 3. Attorney Lawrence Lockwood appeared on behalf of plaintiff and defendant Singh appeared pro se. No appearance was made by defendant Shamsher Braich.

At the hearing, the court granted Mr. Singh's request for additional time to obtain legal representation, and attorney Stephen Reynolds subsequently filed a notice of appearance on behalf of Mr. Singh. On April 19, 2017, Mr. Singh was ordered to file a response to plaintiff's motion by May 3, 2017, but he failed to do so. ECF No. 6. Accordingly, Singh's counsel was ordered to file, by no later than May 24, 2017, an opposition or statement of non-opposition to plaintiff's motion and to show cause why sanctions should not be imposed for failure to comply

1

with the April 19 order.  Mr. Reynolds has since filed, on his client's behalf, a limited opposition to plaintiff's motion (ECF No. 8), but he has not responded to the court's order to show cause.

For the reason's explained below, the court imposes monetary sanctions for Mr. Reynold's failure to timely file a response to plaintiff's motion and recommends that plaintiff's motion be granted.

I.  Order to Show Cause

As noted above, Mr. Reynolds was ordered to show cause why sanctions should not be imposed for his failure to file an opposition or statement of non-opposition to plaintiff's motion. ECF No. 7.  Although he subsequently filed a response to the pending motion, he failed to provide any explanation for his initial failure to timely file an opposition or statement of non-opposition to the pending motion.

As Mr. Reynolds has not shown good cause for why sanctions should not be imposed for his violation of the court's April 19, 2017 order, sanctions are imposed in the amount of $100. This sum shall be paid to the Clerk of the Court no later than 21 days from the date of this order. This sanction is personal to Mr. Reynolds and is not to be passed on to his clients in the form of attorney fees or costs.  Mr. Reynolds shall file a declaration within 21 days of the date of this order that his client has been so informed.

II.  Order for Assignment

Plaintiff obtained a judgment in the United States District Court for the District of Maryland against Manjit Singh and Shamsher Braich, jointly and severally, in the sum of $93,000.88.  Plaintiff subsequently registered the judgment in this district for enforcement.  ECF No. 1.  Plaintiff now seeks an order assigning to plaintiff Mr. Singh's right to payment of money from Ontime Express Line, Inc., a corporation owned solely by Mr. Singh.  ECF No. 3.

Federal Rule of Civil Procedure 69(a)(1) provides that a "money judgment is enforced by a writ of execution," and that the procedure used "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Under California law, "the court may order the judgment debtor to assign to the judgment creditor . . . all or part of
/////

a right to payment due or to become due, including but not limited to" rents, commissions, and royalties. Cal. Civ. P. Code § 708.510(a).

"[T]he granting of an assignment order is, essentially, a placeholder for a judgment creditor, and that when the judgment creditor seeks to actually enforce his rights against an obligor, an obligor may then raise any relevant defenses against such enforcement." *Greenbaum v. Islamic Republic of Iran*, 782 F. Supp. 2d 893, 895 (C.D. Cal. 2008). Accordingly, notice of the motion for an assignment order need not be provided to the obligor, who "is not affected by the assignment order until notice of the order is received." *Id*. at 896; *see also* Cal. Civ. P. Code § 708.510(b).

While a motion for an assignment order does not require detailed evidentiary support, a party seeking an assignment order is required to identify the intended source that is obligated to make payments to the judgment debtor. *UMG Recording, Inc. v. BMG Music Grp., Inc.*, 2009 WL 2213678, at * 2-3 (C.D. Cal. July 9, 2009). In deciding whether to order an assignment, the court may consider the (1) the reasonable requirements of a judgment debtor and the persons supported by the judgment debtor, (2) other obligations owed by the judgment debtor in satisfaction of other judgments and wage assignments, (3) the amount due on the judgment, (4) and "the amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Civ. P. Code § 708.510(c). "A right to payment may be assigned . . . only to the extent necessary to satisfy the money judgment." *Id*. § 708.510(d).

Plaintiff seeks an order assigning to it Mr. Singh's "right to payment of money due or to become due, whether styled [as] accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, distributions, dividends, or otherwise, from his wholly-owned corporation known as Ontime Express Line Inc." ECF No. 3 at 11. In his opposition, Singh does not dispute that plaintiff is entitled to an order of assignment. Rather, Singh only argues that plaintiff is not entitled to any his "earnings," which are exempt from assignment pursuant to California Code of Civil Procedure § 706.105. ECF No. 8 at 2. Plaintiff concedes that it is not entitled to assignment of Singh's earnings and notes that its request "is narrowly-
/////

tailored to obtain payments due, or to become due, other than 'earnings' that might be due [Singh] as an 'employee.'" ECF No. 10.

As plaintiff does not seek an assignment of Singh's earnings, and there is no dispute that it is entitled to the requested relief, plaintiff's motion must be granted.

III. Conclusion

Accordingly, it is hereby order that Mr. Reynolds is sanctioned in the amount of $100. This sum shall be paid to the Clerk of the Court no later than 21 days from the date of this order. This sanction is personal to Mr. Reynolds and is not to be passed on to his clients in the form of attorney fees or costs. Mr. Reynolds shall file a declaration within 21 days of the date of this order that his client has been so informed.

Further, it is RECOMMENDED that:

1. Plaintiff's motion for an assignment order (ECF No. 3) be granted.

2. All payments due to Manjit Singh now and in the future, including, but not limited to, accounts receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, distributions, dividends, and other rights to money from Ontime Express Line Inc. be assigned to plaintiff to the extent to satisfy the judgment registered in this court.

3. The Clerk be directed to serve a copy of an order adopting these findings and recommendation on Ontime Express Line Inc. at the following address:

> 9940 Winkle Circle
> Elk Grove, California 95757

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////

4

1 | within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
2 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: August 31, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE